## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **CLAUDE GENE SLOAN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:22CV00072 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DANNY PATRICK O'QUINN, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Claude Gene Sloan, Pro Se Plaintiff.*

The plaintiff, Claude Gene Sloan, a federal inmate proceeding pro se, has filed a civil rights action against two individuals, Danny Patrick O'Quinn and Crystal Berry O'Quinn, claiming that they violated his privacy rights. The court construed and docketed Sloan's submission as arising under 42 U.S.C. § 1983, and Sloan later submitted Amended Complaints on forms designed for inmate-filed § 1983 complaints. After review of his submissions and the record, I conclude that the action must be summarily dismissed.

### I.

Sloan's Complaint alleges that "[t]he Defendants violated plaintiff['s] civil rights by bring[ing] (recording equipment) into plaintiff['s] two homes. They didn't have warrants to do such." Compl. 1, ECF No. 1. Sloan also asserts, "These two

Defendants were this courts [sic] two (CI)."[1]  *Id.* at 2.  Sloan claims that these actions

violated his right to privacy for which he seeks monetary damages.

In an Order entered March 1, 2022, ECF No. 5, the court directed Sloan that

if he wished to proceed with the case, he must submit within twenty days an

Amended Complaint, providing more specific details about the defendants and their

actions.  The Order stated:

> The Amended Complaint must provide specific facts about *who* the
> defendants are, *what* law enforcement organization each of them
> worked for, *what* each one of them *did* that violated plaintiff's
> constitutional rights, and *when* and *where* all these events occurred.
> FAILURE TO FILE AN AMENDED COMPLAINT TO CORRECT
> THESE FACTUAL DEFICIENCIES WILL RESULT IN DISMISSAL
> OF THIS CIVIL ACTION WITHOUT PREJUDICE.

*Id.* ¶ 4.

Sloan then filed a document titled Amended Complaint, stating as follows:

"The two Defendants violated my Civil Rights by bring[ing] recording equipment

and a gun into my home without warrants. . . . By recording and audio and video in

both of plaintiff's two homes."  Am. Compl. 2, ECF No. 6.  A few days later, Sloan

filed a second document titled Amended Complaint.  Here, he states that "they were

the Feds witness [sic]"; they brought "Recording and Gun into [his] homes"; "[t]he

ATF [Bureau of Alcohol, Tobacco and Firearms] gave a convicted Felon a gun to

---

[1]  I take judicial notice of the fact that this court does not employ any person as a
CI, which I assume stands for confidential informant.  I note that such individuals are often
used by state or federal law enforcement agencies during criminal investigations.

bring into [Sloan's] homes without any warrants to do so"; and "Scott County investigator giving [sic] the (CI) the recording equipment."  Second Am. Compl. 1, 2, ECF No. 11.  In short, none of Sloan's filings provide a chronological statement of the events or describes actions each defendant personally undertook.

## II.

As an initial matter, I will summarily dismiss this case because Sloan has failed to comply with the court's Order entered March 1, 2022.  This Order expressly directed him to provide particular types of facts in his amended pleading, including "*what* law enforcement organization each [defendant] worked for, *what* each one of them did that violated plaintiff's constitutional rights, and *when* and *where* all these events occurred."  Order ¶ 4, ECF No. 5.  Sloan does not provide any of these facts. He mentions a federal agency and a state investigator, but he fails to connect them to either of the defendants by name, to describe what each defendant did, or to state when and where the alleged events occurred.  Therefore, Sloan has not followed the directions in the court's Order.  On that ground, I will dismiss this case without prejudice.

In addition, I will dismiss the case without prejudice as frivolous, because it is clearly filed outside the applicable statute of limitations.  The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim

upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).  Under 42 U.S.C. § 1983, an aggrieved party may file a civil action against a person for actions taken under color of state law that violate his federal constitutional rights.  *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

Liberally construed and considered together, the three versions of Sloan's Complaint allege that the defendants acted as CIs, who worked with either state or federal officials; that one or both of the defendants brought recording equipment and brought a gun into Sloan's homes without warrants; and that the defendants were witnesses in a federal proceeding.  These sparse facts are simply not sufficient to support any civil claim for monetary damages against the defendants.

In addition, however, I take judicial notice of additional related facts from the court's criminal docket in *United States v. Sloan*, 2:18CR00004.  In August 2018, Sloan pleaded guilty to possessing a firearm as a convicted felon and to drug charges related to growing and distributing marijuana.  On November 14, 2018, I sentenced Sloan to 144 months in federal prison.  His Presentence Investigation Report ("PSR") lists his legal address as Duffield, Virginia, located in Scott County, within this judicial district.  The PSR description of Sloan's offense conduct indicates that in October 2017, the Scott County Sheriff's Office, the Virginia State Police, and the Bristol, Virginia, office of the ATF began a joint investigation of Sloan for possible illegal activities related to marijuana distribution.  The offense conduct

summary also mentions the defendants' names and various pieces of information they provided to investigators.  The PSR describes several transactions investigators conducted with Sloan using a CI.  A CI reported that Sloan wanted to obtain a certain pistol.  Based on that information, investigators conducted a transaction on March 14, 2018, in which a CI, fitted with audio and video recorders, met with Sloan to deliver the pistol and ammunition to him.  When Sloan exited the house with these items in his pants pocket, investigators arrested him for possession of a firearm as a felon.  They then obtained warrants to search his homes and seized additional evidence later used in support of the drug charges against Sloan.  Taking Sloan's allegations and the facts from the PSR together, I conclude that the events on which Sloan bases his claims against the defendants occurred on or before March 14, 2018.

Because Congress did not set time limits for filing a § 1983 action, such cases are uniformly governed by the statute of limitations applicable to general personal injury actions in the state where the tort allegedly occurred.  *Owens v. Okure*, 488 U.S. 235, 239, 250 (1989).  Under Virginia law, a general personal injury action must be filed within two years from the date on which the claim accrues.  Va. Code Ann. § 8.01-243(A).  This two-year limitation statute applies to a prisoner's § 1983

claims for events that occurred in Virginia.[2]  *See Shelton v. Angelone*, 148 F. Supp. 2d 670, 677 (W.D. Va. 2001).

It is well established that a § 1983 claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc).  When the court finds it clear from the facts in the Complaint that the plaintiff's claims are time-barred, the court may summarily dismiss the action as frivolous under § 1915A(b)(1). *Id.* (applying earlier version of 28 U.S.C. § 1915(d)).

I find it plain from the face of Sloan's allegations and judicially noticeable facts that he waited too long to file his § 1983 claims.  From these facts, it is clear that Sloan sues the defendants for their involvement in the criminal investigation against him, which occurred in 2017 and 2018.  Sloan undoubtedly knew before he pleaded guilty in August 2018 that the defendants had participated in helping officials gather information about him, and well before his sentencing in November

---

[2]  It is not clear whether the defendants assisted state or federal officials or both when they interacted with Sloan.  Federal officials do not act under color of state law and therefore, cannot be sued under § 1983.  However, in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court fashioned a remedy "designed to vindicate violations of constitutional rights by federal actors." *Hall v. Clinton*, 235 F.3d 202, 204 (4th Cir. 2000).  I need not decide whether Sloan's claims against the defendants arise under § 1983 or *Bivens*, because either way he had only two years from the time of the defendants' actions alleged in this case to bring a civil action against them concerning those actions. *See Blanck v. McKeen,* 707 F.2d 817, 819 (4th Cir. 1983) (holding that statute of limitations to be applied to a *Bivens* case is the analogous state statute of limitations).

2018, he must have seen the details of their involvement spelled out in the PSR. Thus, I find that Sloan's claims against the defendants accrued no later than the day he was sentenced in November 2018.  Consequently, the limitation period for him to file suit against them expired two years later in November 2020.  Sloan did not sign and date the initial Complaint in this case until January 27, 2022, more than a year outside the filing period spelled out in the Virginia statute.  Va. Code Ann. § 8.01-243(A).  Accordingly, Sloan's claims are time-barred, and I will summarily dismiss them under § 1915A(b)(1) as frivolous.

III.

Based on the foregoing, I will summarily dismiss Sloan's case without prejudice under § 1915A(b)(1) for two reasons in that he failed to comply with a court order and his claims are untimely filed.

A separate Final Order will issue herewith.

DATED:  May 27, 2022

/s/  JAMES P. JONES
Senior United States District Judge